ORIGINAL

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

FILED
SEP 3 0 2010

E-filing



7              **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9

10  CRAIG YATES, an individual,

11      Plaintiff,

12  v.

13

14  MCDONALD'S VAN NESS STORE
    #4547; MCDONALD'S CORPORATION, a
15  Delaware Corporation; SYED ALI
16  HUSSAIN, an individual dba
    MCDONALD'S of VAN NESS,
17

18      Defendants.
19
20
21
22
23
24
25
26
27
28

CV 10      4420

**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1  Plaintiff CRAIG YATES, an individual, complains of defendants MCDONALD'S
2  CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an individual dba
3  MCDONALD'S of VAN NESS follows:

4  **INTRODUCTION:**

5  1.  This is a civil rights action for discrimination against persons with physical
6  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
7  for failure to remove architectural barriers structural in nature at defendants' MCDONALD'S
8  VAN NESS STORE #4547, a place of public accommodation, thereby discriminatorily denying
9  plaintiff and the class of other similarly situated persons with physical disabilities access to, the
10 full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,
11 services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to
12 the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code
13 §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14 2.  Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
15 August 1, 2010, August 2, 2010, August 10, 2010, August 23, 2010, August 27, 2010,
16 September 10, 2010, September 11, 2010 and September 20, 2010, was an invitee, guest, patron,
17 customer at defendants' MCDONALD'S VAN NESS STORE #4547, in the City of San
18 Francisco, California. At said times and place, defendants failed to provide proper legal access
19 to the fast food restaurant, which is a "public accommodation" and/or a "public facility"
20 including, but not limited to parking signage, parking, entrance, men's restroom and women's
21 restroom. The denial of access was in violation of both federal and California legal
22 requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal
23 access, and was embarrassed and humiliated.

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 | **JURISDICTION AND VENUE:**

2     3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq*., including §19959; Title 24 California Building Standards Code.

9     4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 600 Van Ness Avenue, in the City and County of San Francisco, State of California, and that

12 plaintiff's causes of action arose in this county.

13 | **PARTIES:**

14     5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15 disabled person," and a "person with physical disabilities" (hereinafter the terms "physically

16 disabled," "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 CRAIG YATES is a "person with physical disabilities," as defined by all applicable California

22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24 portion of the public whose rights are protected by the provisions of Health & Safety Code

25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6. Defendants MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an individual dba MCDONALD'S of VAN NESS (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as MCDONALD'S VAN NESS STORE #4547, located at/near 600 Van Ness Avenue, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7. At all times relevant to this complaint, defendants MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an individual dba MCDONALD'S of VAN NESS, own and operate in joint venture the subject MCDONALD'S VAN NESS STORE #4547 as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8. At all times relevant to this complaint, defendants MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an individual dba MCDONALD'S of VAN NESS are jointly and severally responsible to identify and remove architectural barriers at the subject MCDONALD'S VAN NESS STORE #4547 pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201    General

> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2       9.       The MCDONALD'S VAN NESS STORE #4547 , is a restaurant, located at/near
3   600 Van Ness Avenue, San Francisco, California. The MCDONALD'S VAN NESS STORE
4   #4547, its parking signage, parking, entrance, men's restroom and women's restroom, and its
5   other facilities are each a "place of public accommodation or facility" subject to the barrier
6   removal requirements of the Americans with Disabilities Act. On information and belief, each
7   such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions,"
8   each of which has subjected the MCDONALD'S VAN NESS STORE #4547 and each of its
9   facilities, its parking signage, parking, entrance, men's restroom and women's restroom to
10  disability access requirements per the Americans with Disabilities Act Accessibility Guidelines
11  (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12      10.      On or about July 30, 1987, defendants' and each of them purchased and/or
13  took possessory control of the premises now known as MCDONALD'S VAN NESS STORE
14  #4547. On or about July 26, 1990, defendants' and each of them were aware of their obligation
15  and duty to identify and remove architectural barriers at the subject store and were aware that
16  MCDONALD'S VAN NESS STORE #4547 was not accessible to the disabled. Nevertheless,
17  defendants' and each of them, operated said store as though it was accessible.

18      11.      At all times stated herein, defendants' and each of them with the knowledge that
19  each of them had a continuing obligation to identify and remove architectural barriers where it
20  was readily achievable to do so, failed to adopt a transition plan to provide better and/or
21  compliant access to the subject accommodation.

22      12.      At all times referred to herein and continuing to the present time, defendants, and
23  each of them, advertised, publicized and held out the MCDONALD'S VAN NESS STORE
24  #4547 as being handicapped accessible and handicapped usable.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1        13.     On or about August 1, 2010, August 2, 2010, August 10, 2010, August 23, 2010,

2  August 27, 2010, September 10, 2010, September 11, 2010 and September 20, 2010, plaintiff

3  CRAIG YATES was an invitee and guest at the subject MCDONALD'S VAN NESS STORE

4  #4547, for purposes of having food and drink.

5        14.     On or about August 1, 2010, August 2, 2010, August 10, 2010, August 23, 2010,

6  August 27, 2010, September 10, 2010, September 11, 2010 and September 20, 2010, plaintiff

7  CRAIG YATES encountered a van accessible stall that was not ADAAG compliant, the slopes

8  and cross slopes were too steep and the access aisle was improperly configured. The slope and

9  cross slope of the stall and access aisles were between 5.2% (five point two percent) and 7.4%

10  (seven point four percent). There was no van accessible signage.

11        15.     On or about August 1, 2010, August 2, 2010, August 10, 2010, August 23, 2010,

12  August 27, 2010, September 10, 2010, September 11, 2010 and September 20, 2010, plaintiff

13  CRAIG YATES encountered doors which had excessive door pressure. The door pressure

14  caused plaintiff CRAIG YATES to struggle to open a door, which caused stress and strain to his

15  body.

16        16.     On or about August 1, 2010, August 2, 2010, August 10, 2010, August 23, 2010,

17  August 27, 2010, September 10, 2010, September 11, 2010, plaintiff CRAIG YATES needed to

18  use an accessible restroom. Plaintiff CRAIG YATES encountered a men's restroom. While the

19  foot print of the restroom was compliant, many of the elements plaintiff CRAIG YATES

20  encountered were not, to wit: excessive door pressure and unwrapped "P" trap.

21        17.     On or about September 11, 2010, plaintiff CRAIG YATES encountered all

22  barriers as stated herein. But on this specific occasion, the men's restroom door closed so rapidly

23  that it struck and lacerated plaintiff CRAIG YATES's right wrist.

24        18.     Plaintiff CRAIG YATES reported this incident to "Christian," the manager.

25  Plaintiff CRAIG YATES requested a bandage. A (cobalt blue) bandage was provided to the

26  plaintiff, which was approximately one (1) inch by four (4) inch.

27  ///

28  ///

1    19.    On or about September 20, 2010, plaintiff CRAIG YATES encountered all of

2    the same barriers as referenced herein.

3    20.    At all time(s) and place as stated herein, plaintiff CRAIG YATES informed staff

4    at the subject MCDONALD'S VAN NESS STORE #4547 that the door pressure for the entrance

5    and men's restroom was too great.

6    21.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

7    disability, encountered the following inaccessible elements of the subject MCDONALD'S VAN

8    NESS STORE #4547, which constituted architectural barriers and a denial of the proper and

9    legally-required access to a public accommodation to persons with physical disabilities including,

10   but not limited to:

11        a.    lack of the requisite type and number of disabled parking stall(s);

12        b.    lack of disabled van accessible parking stall(s);

13        c.    lack of (proper) disabled parking signage;

14        d.    lack of an accessible entrance;

15        e.    lack of a fully accessible handicapped-accessible women's public
              restroom;

16
17        f.    lack of a fully accessible handicapped-accessible men's public restroom;
              and

18        g.    On personal knowledge, information and belief, other public facilities and
              elements too numerous to list were improperly inaccessible for use by
19            persons with physical disabilities.

20

21   22.    At all times stated herein, the existence of architectural barriers at defendants'

22   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

23   with the Americans with Disabilities Act of 1990 either then, now or in the future.

24   23.    At all times stated herein, defendants, and each of them, did not act as reasonable

25   and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

26   removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from

27   receiving the same goods and services as able bodied people and some of which may and did pose

28   a threat of harm and/or personal injury to people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 Therefore as a legal result of defendants breach of duty to remove those barriers encountered by
2 plaintiff, plaintiff suffered bodily injury.

3     24.     As a legal result of defendants MCDONALD'S CORPORATION, a Delaware
4 Corporation; SYED ALI HUSSAIN, an individual dba MCDONALD'S of VAN NESS's failure
5 to act as a reasonable and prudent public accommodation in identifying, removing or creating
6 architectural barriers, policies, practices and procedures that denied access to plaintiff and other
7 persons with disabilities, plaintiff suffered the damages as alleged herein.

8     25.     As a result of the denial of equal access to defendants' facilities due to the acts and
9 omissions of defendants, and each of them, in owning, operating and maintaining these subject
10 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
11 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
12 discomfort, bodily injury on or about August 1, 2010, August 2, 2010, August 10, 2010, August
13 23, 2010, August 27, 2010, September 10, 2010, September 11, 2010 and September 20, 2010,
14 including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or
15 transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a
16 legal result of defendants negligence in the design, construction and maintenance of the existing
17 men's restroom, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper
18 extremities while attempting to open said door. Further, on September 11, 2010, plaintiff CRAIG
19 YATES a laceration to his right hand as a result of the men's restroom door closing too fast.

20     26.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
21 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
22 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
23 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
24 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
25 distress over and above that usually associated with the discrimination and physical injuries
26 claimed, and no expert testimony regarding this usual mental and emotional distress will be
27 presented at trial in support of the claim for damages.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    27.    Defendants', and each of their, failure to remove the architectural barriers
2 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
3 accommodation, and continues to create continuous and repeated exposure to substantially the
4 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

5    28.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
6 by defendants MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI
7 HUSSAIN, an individual dba MCDONALD'S of VAN NESS, because defendants
8 MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an
9 individual dba MCDONALD'S of VAN NESS maintained a restaurant without access for persons
10 with physical disabilities to its facilities, including but not limited to parking signage, parking,
11 entrance, men's restroom and women's restroom, and other public areas as stated herein, and
12 continue to the date of filing this complaint to deny equal access to plaintiff and other persons
13 with physical disabilities in these and other ways.

14    29.    On information and belief, construction alterations carried out by defendants have
15 also triggered access requirements under both California law and the Americans with Disabilities
16 Act of 1990.

17    30.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the
18 MCDONALD'S VAN NESS STORE #4547 to be made accessible to meet the requirements of
19 both California law and the Americans with Disabilities Act of 1990, whichever is more
20 restrictive, so long as defendants operate the said restaurant as a public facility.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1    31.    Plaintiff seeks damages for violation of their civil rights on August 1, 2010,
2  August 2, 2010, August 10, 2010, August 23, 2010, August 27, 2010, September 10, 2010,
3  September 11, 2010 and September 20, 2010 and seeks statutory damages of not less than $4,000,
4  pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day
5  after his visit that the trier of fact (court/jury) determines was the date that some or all remedial
6  work should have been completed under the standard that the landlord and tenant had an ongoing
7  duty to identify and remove architectural barriers where it was readily achievable to do so, which
8  deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of
9  his knowledge and/or belief that neither some or all architectural barriers had been removed and
10  that said premises remains inaccessible to persons with disabilities whether a wheelchair user or
11  otherwise.

12    32.    On information and belief, defendants have been negligent in their affirmative duty
13  to identify the architectural barriers complained of herein and negligent in the removal of some or
14  all of said barriers.

15    33.    Because of defendants' violations, plaintiff and other persons with physical
16  disabilities are unable to use public facilities such as those owned and operated by defendants on a
17  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
18  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
19  other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
20  defendants to make the MCDONALD'S VAN NESS STORE #4547 accessible to persons with
21  disabilities.

22    34.    On information and belief, defendants have intentionally undertaken to modify and
23  alter existing building(s), and have failed to make them comply with accessibility requirements
24  under the requirements of ADAAG and Title 24.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1 The acts and omission of defendants, and each of them, in failing to provide the required
2 accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3 malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with
4 a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated
5 persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to
6 make a more profound example of defendants, and each of them, to other operators and landlords
7 of other fast food restaurants and other public facilities, and to punish defendants and to carry out
8 the purposes of the Civil Code §§ 51, 51.5 and 54.

9     35.     Plaintiff is informed and believes and therefore alleges that defendants
10 MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an
11 individual dba MCDONALD'S of VAN NESS, and each of them, caused the subject building(s)
12 which constitute the MCDONALD'S VAN NESS STORE #4547 to be constructed, altered and
13 maintained in such a manner that persons with physical disabilities were denied full and equal
14 access to, within and throughout said building(s) of the restaurant and were denied full and equal
15 use of said public facilities. Furthermore, on information and belief, defendants have continued to
16 maintain and operate said restaurant and/or its building(s) in such conditions up to the present
17 time, despite actual and constructive notice to such defendants that the configuration of
18 MCDONALD'S VAN NESS STORE #4547 and/or its building(s) is in violation of the civil
19 rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members
20 of the disability community. Such construction, modification, ownership, operation, maintenance
21 and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
22 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    36.    On personal knowledge, information and belief, the basis of defendants' actual and
2  constructive notice that the physical configuration of the facilities including, but not limited to,
3  architectural barriers constituting the MCDONALD'S VAN NESS STORE #4547 and/or
4  building(s) was in violation of the civil rights of persons with physical disabilities, such as
5  plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff
6  CRAIG YATES himself, defendant MCDONALD'S CORPORATION, a Delaware Corporation,
7  sponsors of conferences owners of other restaurants, hotels, motels and businesses, notices they
8  obtained from governmental agencies upon modification, improvement, or substantial repair of
9  the subject premises and other properties owned by these defendants, newspaper articles and trade
10  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
11  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, a
12  multitude of lawsuits filed against McDonald's Corporations and/or it's franchises for failing to
13  remove architectural barriers, and other similar information. Defendants' failure, under state and
14  federal law, to make the MCDONALD'S VAN NESS STORE #4547 accessible is further
15  evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated
16  persons with disabilities. Despite being informed of such effect on plaintiff and other persons
17  with physical disabilities due to the lack of accessible facilities, defendants, and each of them,
18  knowingly and willfully refused to take any steps to rectify the situation and to provide full and
19  equal access for plaintiff and other persons with physical disabilities to the MCDONALD'S VAN
20  NESS STORE #4547. Said defendants, and each of them, have continued such practices, in
21  conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the
22  date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge
23  of the architectural barriers referred to herein by virtue of the demand letter addressed to the
24  defendants and served concurrently with the summons and complaint. Said conduct, with
25  knowledge of the effect it was and is having on plaintiff and other persons with physical
26  disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of
27  plaintiff and of other similarly situated persons, justifying the imposition of treble damages per
28  Civil Code §§52 and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1        37.     Plaintiff CRAIG YATES and the disability community, consisting of persons with

2 disabilities, would, could and will return to the subject public accommodation when it is made

3 accessible to persons with disabilities.

4 **I.**      **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
           **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
5            **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
           (On behalf of Plaintiff CRAIG YATES , an individual and Against Defendants
6            MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an
           individual dba MCDONALD'S of VAN NESS, inclusive)
7            (42 U.S.C. §12101, *et seq.*)

8        38.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9 the allegations contained in paragraphs 1 through 37 of this complaint.

10        39.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

11 §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

12 protect:

13                some 43 million Americans with one or more physical or mental
               disabilities; [that] historically society has tended to isolate and
14                segregate individuals with disabilities; [that] such forms of
               discrimination against individuals with disabilities continue to be a
15                serious and pervasive social problem; [that] the nation's proper
               goals regarding individuals with disabilities are to assure equality of
16                opportunity, full participation, independent living and economic
               self-sufficiency for such individuals; [and that] the continuing
17                existence of unfair and unnecessary discrimination and prejudice
               denies people with disabilities the opportunity to compete on an
18                equal basis and to pursue those opportunities for which our free
               society is justifiably famous.

19        40.     Congress stated as its purpose in passing the Americans with Disabilities Act of

20 1990 (42 U.S.C. §12102):

21                It is the purpose of this act (1) to provide a clear and comprehensive
22                national mandate for the elimination of discrimination against
               individuals with disabilities; (2) to provide clear, strong, consistent,
23                enforceable standards addressing discrimination against individuals
               with disabilities; (3) to ensure that the Federal government plays a
24                central role in enforcing the standards established in this act on
               behalf of individuals with disabilities; and (4) to invoke the sweep
25                of Congressional authority, including the power to enforce the 14th
               Amendment and to regulate commerce, in order to address the
26                major areas of discrimination faced day to day by people with
               disabilities.

27 ///

28 ///

41.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

>        (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
>                ---
>
>            (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

42.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

43.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

>        (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
>        (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
>        (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility,

1
2
3
4
5
6
7

> privilege, advantage, or accommodation being offered or would result in an undue burden;
>
>   (iv)   a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
>   (v)   where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

8
9
10
11

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

12
13
14
15
16
17
18
19

44.   The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of MCDONALD'S VAN NESS STORE #4547 pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

20
21
22
23
24
25
26
27

45.   Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    46.    On information and belief, construction work on, and modifications of, the subject

2   building(s) of MCDONALD'S VAN NESS STORE #4547 occurred after the compliance date for

3   the Americans with Disabilities Act, January 26, 1992, independently triggering access

4   requirements under Title III of the ADA.

5    47.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

6   *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

7   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

8   of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

9   to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or

10  making use of the public facilities complained of herein so long as the premises and defendants'

11  policies bar full and equal use by persons with physical disabilities.

12   48.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

13  disability to engage in a futile gesture if such person has actual notice that a person or

14  organization covered by this title does not intend to comply with its provisions." Pursuant to this

15  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

16  September 20, 2010, but on information and belief, alleges that defendants have continued to

17  violate the law and deny the rights of plaintiff and of other persons with physical disabilities to

18  access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

20  facilities readily accessible to and usable by individuals with disabilities to the extent required by

21  this title."

22   49.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

23  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

24  the Americans with Disabilities Act of 1990, including but not limited to an order granting

25  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

26  deemed to be the prevailing party.

27  ///

28  ///

1 **II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

2 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an

3 individual dba MCDONALD'S OF VAN NESS, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.)*

4

5      50.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

allegations contained in paragraphs 1 through 49 of this complaint.

6

7      51.    At all times relevant to this action, California Civil Code §54 has provided that

persons with physical disabilities are not to be discriminated against because of physical handicap

8

or disability. This section provides that:

9

10      (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including

11 hospitals, clinics, and physicians' offices, and other public places.

12      52.    California Civil Code §54.1 provides that persons with disabilities shall not be

13 denied full and equal access to places of public accommodation or facilities:

14      (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to

15 accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all

16 common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or

17 modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities,

18 adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to

19 which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and

20 applicable alike to all persons.

21      Civil Code §54.1(a)(1)

22      53.    California Civil Code §54.1 further provides that a violation of the Americans with

23 Disabilities Act of 1990 constitutes a violation of section 54.1:

24      (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also

25 constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of

26 that act.

27      Civil Code §54.1(d)

///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

54.     Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' MCDONALD'S VAN NESS STORE #4547. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the subject restaurant because of his knowledge and belief that the MCDONALD'S VAN NESS STORE #4547 is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

> Civil Code §54.3(a)

55.     On or about August 1, 2010, August 2, 2010, August 10, 2010, August 23, 2010, August 27, 2010, September 10, 2010, September 11, 2010 and September 20, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to parking signage, parking, entrance, men's restroom and women's restroom and other public facilities as stated herein at the MCDONALD'S VAN NESS STORE #4547 and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1      56.    As a result of the denial of equal access to defendants' facilities due to the acts and
2   omissions of defendants, and each of them, in owning, operating and maintaining these subject
3   public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4   rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
5   discomfort, bodily injury on or about August 1, 2010, August 2, 2010, August 10, 2010, August
6   23, 2010, August 27, 2010, September 10, 2010, September 11, 2010 and September 20, 2010,
7   including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or
8   transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a
9   legal result of defendants negligence in the design, construction and maintenance of the existing
10  men's restroom, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper
11  extremities while attempting to open said door.  Further, on September 11, 2010, plaintiff CRAIG
12  YATES a laceration to his right hand as a result of the men's restroom door closing too fast.

13      57.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
14  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
15  and worry, all of which are expectedly and naturally associated with a denial of access to a person
16  with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and
17  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
18  person or an entity that represents persons with physical disabilities and unable, because of the
19  architectural barriers created and maintained by the defendants in violation of the subject laws, to
20  use the public facilities hereinabove described on a full and equal basis as other persons.

21      58.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
22  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
23  as a person or an entity that represents persons with physical disabilities on or about
24  August 1, 2010, August 2, 2010, August 10, 2010, August 23, 2010, August 27, 2010,
25  September 10, 2010, September 11, 2010 and September 20, 2010, and on a continuing basis
26  since then, including statutory damages, a trebling of all of actual damages, general and special
27  damages available pursuant to §54.3 of the Civil Code according to proof.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1    59.    As a result of defendants', and each of their, acts and omissions in this regard,

2  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

5  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

7  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

8  compel the defendants to make their facilities accessible to all members of the public with

9  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

11  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
12  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an
13  individual dba MCDONALD'S of VAN NESS, inclusive)
(Health & Safety Code §19955, *et seq.*)

14
     60.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

15
the allegations contained in paragraphs 1 through 59 of this complaint.

16
     61.    Health & Safety Code §19955 provides in pertinent part:

17
        The purpose of this part is to insure that public accommodations or
18      facilities constructed in this state with private funds adhere to the
        provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
19      of Title 1 of the Government Code. For the purposes of this part
        "public accommodation or facilities" means a building, structure,
20      facility, complex, or improved area which is used by the general
        public and shall include auditoriums, hospitals, theaters, restaurants,
21      hotels, motels, stadiums, and convention centers. When sanitary
        facilities are made available for the public, clients or employees in
22      such accommodations or facilities, they shall be made available for
        the handicapped.

23

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    62.    Health & Safety Code §19956, which appears in the same chapter as §19955,
2  provides in pertinent part, "accommodations constructed in this state shall conform to the
3  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
4  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
5  public accommodations constructed or altered after that date. On information and belief, portions
6  of the MCDONALD'S VAN NESS STORE #4547 and/or of the building(s) were constructed
7  and/or altered after July 1, 1970, and substantial portions of the MCDONALD'S VAN NESS
8  STORE #4547 and/or the building(s) had alterations, structural repairs, and/or additions made to
9  such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building
10 to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon
11 such alteration, structural repairs or additions per Health & Safety Code §19959.

12    63.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
13 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
14 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
15 Regulations and these regulations must be complied with as to any alterations and/or
16 modifications of MCDONALD'S VAN NESS STORE #4547 and/or the building(s) occurring
17 after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered
18 access requirements pursuant to the "ASA" requirements, the American Standards Association
19 Specifications, A117.1-1961. On information and belief, at the time of the construction and
20 modification of said building, all buildings and facilities covered were required to conform to
21 each of the standards and specifications described in the American Standards Association
22 Specifications and/or those contained in Title 24 of the California Building Standards Code.

23    64.    Restaurants such as the MCDONALD'S VAN NESS STORE #4547 are "public
24 accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1    65.    As a result of the actions and failure to act of defendants, and as a result of the
2  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
3  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
4  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
5  facilities.

6    66.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
7  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
8  civil rights and enforce provisions of the law protecting access for the persons with physical
9  disabilities and prohibiting discrimination against the persons with physical disabilities, and to
10  take such action both in plaintiff's own interests and in order to enforce an important right
11  affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
12  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
13  §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
14  and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
15  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
16  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17    67.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of
18  them, to make the subject place of public accommodation readily accessible to and usable by
19  persons with disabilities.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1  **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

2       **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEO.* (THE UNRUH CIVIL RIGHTS ACT)**

3      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
      MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an

4      individual dba MCDONALD'S of VAN NESS, inclusive)
      (Civil Code §51, 51.5)

5

      68.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

6

the allegations contained in paragraphs 1 through 67 of this complaint.

7

      69.    Defendants' actions and omissions and failure to act as a reasonable and prudent

8

public accommodation in identifying, removing and/or creating architectural barriers, policies,

9

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

10

Unruh Act provides:

11

12             This section shall be known, and may be cited, as the Unruh
          Civil Rights Act.

13             All persons within the jurisdiction of this state are free and
          equal, and no matter what their sex, race, color, religion, ancestry,

14          national origin, or **disability** are entitled to the full and equal
          accommodations, advantages, facilities, privileges, or services in all

15          business establishments of every kind whatsoever.

16             This section shall not be construed to confer any right or
          privilege on a person that is conditioned or limited by law or that is

17          applicable alike to persons of every sex, color, race, religion,
          ancestry, national origin, or **disability.**

18

19             Nothing in this section shall be construed to require any
          construction, alteration, repair, structural or otherwise, or
          modification of any sort whatsoever, beyond that construction,

20          alteration, repair, or modification that is otherwise required by other
          provisions of law, to any new or existing establishment, facility,

21          building, improvement, or any other structure . . . nor shall anything
          in this section be construed to augment, restrict, or alter in any way

22          the authority of the State Architect to require construction,
          alteration, repair, or modifications that the State Architect otherwise

23          possesses pursuant to other . . . laws.

24             A violation of the right of any individual under the
          Americans with Disabilities Act of 1990 (Public Law 101-336) shall

25          also constitute a violation of this section.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

3  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendants, and each of them.

6  70.    The acts and omissions of defendants stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

8    No business establishment of any kind whatsoever shall
   discriminate against, boycott or blacklist, refuse to buy from, sell to,
9    or trade with any person in this state because of the race, creed,
   religion, color, national origin, sex, or **disability** of the person or of
10    the person's partners, members, stockholders, directors, officers,
   managers, superintendents, agents, employees, business associates,
11    suppliers, or customers.

12    As used in this section, "person" includes any person, firm
   association, organization, partnership, business trust, corporation,
13    limited liability company, or company.

14    Nothing in this section shall be construed to require any
   construction, alteration, repair, structural or otherwise, or
15    modification of any sort whatsoever, beyond that construction,
   alteration, repair or modification that is otherwise required by other
16    provisions of law, to any new or existing establishment, facility,
   building, improvement, or any other structure . . . nor shall anything
17    in this section be construed to augment, restrict or alter in any way
   the authority of the State Architect to require construction,
18    alteration, repair, or modifications that the State Architect otherwise
   possesses pursuant to other laws.

19

20  71.    Defendants' acts and omissions as specified have denied to the plaintiff full and

21  equal accommodations, advantages, facilities, privileges and services in a business establishment,

22  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23  Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25  Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates

26  the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27  §38, *et seq.*, as if repled herein.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

72.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about August 1, 2010, August 2, 2010, August 10, 2010, August 23, 2010, August 27, 2010, September 10, 2010, September 11, 2010 and September 20, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremities while attempting to open said door. Further, on September 11, 2010, plaintiff CRAIG YATES a laceration to his right hand as a result of the men's restroom door closing too fast.

73.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

74.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

1 **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3  **I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
        **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4       **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
5       MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an
        individual dba MCDONALD'S of VAN NESS, inclusive)
6       (42 U.S.C. §12101, *et seq.*)

7      1.     For injunctive relief, compelling defendants MCDONALD'S CORPORATION, a

8  Delaware Corporation; SYED ALI HUSSAIN, an individual dba MCDONALD'S of VAN NESS,

9  inclusive, to make the MCDONALD'S VAN NESS STORE #4547, located at 600 Van Ness

10 Avenue, San Francisco, California, readily accessible to and usable by individuals with

11 disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

12 practice, eligibility criteria and procedures so as to afford full access to the goods, services,

13 facilities, privileges, advantages and accommodations being offered.

14     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

15 prevailing party; and

16     3.     For such other and further relief as the court may deem proper.

17 **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
        **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
18      **AND 54.3, *ET SEO.***
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against
19      Defendants MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI
        HUSSAIN, an individual dba MCDONALD'S of VAN NESS, inclusive)
20      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21     1.     For injunctive relief, compelling defendants MCDONALD'S CORPORATION, a

22 Delaware Corporation; SYED ALI HUSSAIN, an individual dba MCDONALD'S of VAN NESS,

23 inclusive, to make the MCDONALD'S VAN NESS STORE #4547, located at 600 Van Ness

24 Avenue, San Francisco, California, readily accessible to and usable by individuals with

25 disabilities, per state law.

26     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

27 each occasion on which plaintiff was deterred from returning to the subject public

28 accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2  if plaintiffs are deemed the prevailing party;

3    4.    Treble damages pursuant to Civil Code §54.3;

4    5.    General damages according to proof;

5    6.    For all costs of suit;

6    7.    Prejudgment interest pursuant to Civil Code §3291; and

7    8.    Such other and further relief as the court may deem just and proper.

8  **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**
         **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
9         **§19955,** *ET. SEQ.*
         (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
10        MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an
         individual dba MCDONALD'S of VAN NESS, inclusive)
11        (Health & Safety code §19955, *et seq.*)

12    1.    For injunctive relief, compelling defendants MCDONALD'S CORPORATION, a

13  Delaware Corporation; SYED ALI HUSSAIN, an individual dba MCDONALD'S of VAN NESS,

14  inclusive, to make the MCDONALD'S VAN NESS STORE #4547, located at 600 Van Ness

15  Avenue, San Francisco, California, readily accessible to and usable by individuals with

16  disabilities, per state law.

17    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

18  alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

19    3.    For all costs of suit;

20    4.    For prejudgment interest pursuant to Civil Code §3291;

21    5.    Such other and further relief as the court may deem just and proper.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

IV.    **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MCDONALD'S CORPORATION, a Delaware Corporation; SYED ALI HUSSAIN, an individual dba MCDONALD'S OF VAN NESS, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.    General damages according to proof;

4.    Treble damages pursuant to Civil Code §52(a);

5.    For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4    Dated: _____9/23/10_____, 2010        THOMAS E. FRANKOVICH,
                                                *A PROFESSIONAL LAW CORPORATION*
5

6
                                       By: _____
7
                                                THOMAS E. FRANKOVICH
8                                               Attorneys for Plaintiff CRAIG YATES, an individual

9

10                             **DEMAND FOR JURY TRIAL**

11   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13   Dated: _____9/23/10_____, 2010        THOMAS E. FRANKOVICH,
                                                *A PROFESSIONAL LAW CORPORATION*
14

15
                                       By: _____
16
                                                THOMAS E. FRANKOVICH
17                                              Attorneys for Plaintiff CRAIG YATES, an individual

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29